JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** <u>CV 16-04690 SJO (SKx)</u>          **DATE:** <u>September 15, 2016</u>

**TITLE:**          <u>Filomena Guzman v. Healthcare Services Group, Inc., et al.</u>

========================================================================
**PRESENT:  THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                              Not Present
Courtroom Clerk                               Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**           **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                   Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT** [Docket No. 10]; **DENYING DEFENDANTS' EX PARTE REQUEST TO FILE SURREPLY** [Docket No. 20]

This matter is before the Court on Plaintiff Filomena Guzman's, on behalf of herself and other aggrieved employees ("Plaintiff" or "Guzman"), Motion to Remand to State Court ("Motion"), filed July 18, 2016.  Defendants HealthCare Services Group, Inc. ("HSGI"), Paramount Convalescent Group, Inc. ("Paramount Group"), Paramount Convalescent Hospital ("Paramount Hospital"), and HCSG West, LLC ("HCSG") (collectively, "Defendants") filed an Opposition on August 8, 2016, to which Plaintiff filed a Reply on August 15, 2016.  Defendants filed an Ex Parte Request to File Surreply in Opposition to Motion to Remand ("Ex Parte Request") on August 15, 2016.  The Court found this matter suitable for disposition without oral argument and vacated the hearing set for August 29, 2016.  See Fed. R. Civ. P. 78(b).  For the following reasons, the Court **GRANTS** Plaintiff's Motion and **DENIES** Defendants' Ex Parte Request.

I.      FACTUAL AND PROCEDURAL BACKGROUND

        A.      The State Court Action

From April 2015 to around January 15, 2016, Plaintiff was employed by Defendants as an hourly employee providing housekeeping duties and tasks for Defendants and their clients in the Los Angeles area and Paramount Hospital.  (Notice of Removal ("Removal"), ECF No. 1, Ex. E State Action Compl. ("Compl.") ¶ 7.)  Plaintiff generally worked 7.5 hour shifts and earned around $11.65 per hour.  (Compl. ¶ 7.)  Plaintiff alleges that during her employment, she and other aggrieved employees' work time was shorted "due to the company's policy of rounding against the employee's work in 15-minute intervals."  (Compl.  ¶ 7.)  As a result, Plaintiff alleges that each hour's pay was generally cut by 25%, or about $2.91.  (Compl. ¶ 7.)  Plaintiff also alleges that Defendants failed to pay the required premiums for meal periods and rest periods, issued inaccurate itemized wage statements by failing to list all hours worked and all meal and rest period premiums owed, and failed to pay all wages owed upon her and the aggrieved employees' resignation or termination from employment.  (*See* Compl. ¶¶ 8, 18, 22, 26, 30-31, 36.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** <u>CV 16-04690 SJO (SKx)</u>          **DATE:** <u>September 15, 2016</u>

On April 1, 2016, as required by the California Labor Code ("CLC"), Plaintiff gave notice of potential statutory violations to the California Labor and Workforce Development Agency ("LWDA") and Defendants. (Mot. 2.) Plaintiff did not receive any notice of investigation from the LWDA during the 33-day notice period required under CLC section 2699.3(a)(2)(B). (*See* Compl. ¶ 5.) Accordingly, on May 5, 2016, Plaintiff initiated this action in the Superior Court for the County of Los Angeles ("State Court").[1] (Mot. 2.)

In the Complaint, Plaintiff alleges five violations of the Private Attorney General Act ("PAGA"), Cal. Lab. Code §§ 2698, *et seq.,* including §§ 1194 and 558(a)(3): (1) failure to pay minimum wages and/or overtime wages due to rounding, Cal. Lab. Code §§ 2699(f), *et seq.*; (2) failure to pay meal period premiums, Cal. Lab. Code §§ 2698, *et seq.*; (3) failure to pay rest period premiums, Cal. Lab. Code §§ 2698, *et seq.*; (4) failure to provide accurate itemized wage statements, Cal. Lab. Code § 226.3; and (5) failure to timely pay all wages due upon termination of employment, Cal. Lab. Code §§ 201-03. (*See generally* Compl.)

Defendants HSGI and HCSG West were served with the Complaint on May 27, 2016, and Defendants Paramount Group and Paramount Hospital were served on June 1, 2016. (*See* Removal, Exs. A-C.) On June 23, 2016, Defendants filed an Answer and a Motion for Peremptory Challenge in State Court.[2] *(See* Removal, Exs. K, L.)

B.   The Instant Motion

On June 27, 2016, Defendants timely removed the action to this Court by invoking the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, 1711-15. (Removal ¶ 12.) The sole question before the Court is whether the Court has subject matter jurisdiction over this removed action.

In the instant Motion, Plaintiff maintains that it is a PAGA action that does not trigger federal CAFA jurisdiction, and argues that remand is required for four reasons: (1) the Complaint contains no class allegations and only seeks statutory civil penalties under PAGA; (2) the action does not meet CAFA's amount in controversy; (3) there is no complete diversity under a traditional 28 U.S.C. section 1332(a) analysis; and (4) there is insufficient evidence to suggest any amount in controversy since PAGA penalties are subject to judicial discretion. (Mot. 1-2.)

---

[1]  Defendants do not dispute that Plaintiff complied with these notice requirements under CLC section 2699.3.

[2]  Defendants' filing of the Answer in State Court, alone, does not invoke the State Court's jurisdiction as to constitute waiver of the right to remove. *Foley v. Allied Interstate, Inc.*, 312 F. Supp. 2d 1279, 1284 (C.D. Cal. 2004).

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Priority | _____ |
| Send | _____ |
| Enter | _____ |
| Closed | _____ |
| JS-5/JS-6 | _____ |
| Scan Only | _____ |

**CASE NO.:** CV 16-04690 SJO (SKx)          **DATE:** <u>September 15, 2016</u>

In their Opposition, Defendants contend that the Complaint artfully pleads that it is brought solely under PAGA but that, in fact, it is a "conventional wage-hour class action lawsuit that also contains PAGA claims." (Opp'n 1.) According to Defendants, Plaintiff seeks restitution of wages, which are unavailable under PAGA and can only be obtained in a class action, thereby invoking CAFA jurisdiction. (Opp'n 1.)

Finally, Plaintiff replies that the Complaint's "erroneous use of the [*sic*] term 'restitution' of penalties is a misnomer of no consequence"; that Defendants' argument regarding statute of limitations issues related to the substantive claims is improper on a motion to remand; and that even if CAFA applied, Defendants fail to show that the jurisdictional minimum is met or dispel the "local controversy" exception. (Pl.'s Reply Brief in Supp. of Mot. ("Reply") 1, ECF No. 17.)

Defendants filed the Ex Parte Request to file a Surreply on the grounds that Plaintiff raised the following for the first time in her Reply or at the same time as her Reply: that CAFA's "local controversy" exception applies, and to request judicial notice of a California Labor Commissioner Findings and Order ("Commission Findings"). (Ex Parte Request 1-2, ECF No. 20.) Defendants argue that they were deprived of an opportunity to meaningfully respond to these arguments in their Opposition. (Opp'n 2.) The Court **DENIES** Defendants' Ex Parte Request.[3]

For the following reasons, the Court **GRANTS** Plaintiff's Motion to remand.

II.   <u>DISCUSSION</u>

    A.   <u>Legal Standard</u>

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See*

---

[3]   First, although Plaintiff did not raise the "local controversy" exception in their Motion, as to constitute waiver of the argument, *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007), the exception is of no legal consequence in the Court's conclusion that there is no CAFA jurisdiction over the matter. Furthermore, Defendants themselves raised the argument in their Removal, which undercuts any element of surprise on their part. (Removal ¶ 13.) Second, although Plaintiff did not request judicial notice of the Commission Findings until after Defendants' Opposition, Plaintiff incorporated the document by referencing it in her Motion, which placed Defendants on notice of the document. (*See* Mot. 5-6; Pl.'s Req. for Judicial Notice in Supp. of Mot. ("RJN"), ECF No. 18, Ex. 1 Findings and Order on Penalty Assessment 021068 ("Commission Findings").)

**JS-6**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:  CV 16-04690 SJO (SKx)            DATE: September 15, 2016**

28 U.S.C. § 1447(c).   Courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).   The defendant carries the burden of establishing that removal is proper. *Id.*; *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (stating that as the "master of the claim," the plaintiff "may avoid federal jurisdiction by exclusive reliance on state law").

Under the removal statute, an action is removable to federal court only if it might have been brought there originally.  *See* 28 U.S.C. § 1441(a).   CAFA vests district courts with "'original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which' the parties satisfy, among other requirements, minimal diversity." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 680 (9th Cir. 2006) (quoting 28 U.S.C. § 1332(d)). Under CAFA, "a suit commenced in state court is not a class action unless it is brought under a state statute or rule similar to [Federal Rule of Civil Procedure] 23 that authorizes an action 'as a class action.'" *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 848 (9th Cir. 2011) (quoting 28 U.S.C. § 1332(d)(1)(B)). Even under CAFA, the burden remains with the removing party to prove that there is removal jurisdiction. *See Abrego Abrego*, 443 F.3d at 678, 685.

PAGA "authorizes an employee to bring an action for civil penalties on behalf of the state against his or her employer for Labor Code violations committed against the employee and fellow employees, with most of the proceeds of that litigation going to the state." *Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348, 360 (2014).   Generally, civil penalties recovered are distributed 75 percent to the LWDA and 25% to the aggrieved employees. Cal. Lab. Code § 2699(i).   The Ninth Circuit has held that removed PAGA actions are not "class actions" that trigger CAFA jurisdiction. *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1122-23 (9th Cir. 2014), *cert. denied*, (stating that PAGA actions are neither "sufficiently similar" to Rule 23 class actions, nor are they class actions under state law).

The Court concludes that remand is required because it is a PAGA-only action that does not trigger CAFA jurisdiction.  Furthermore, based on a traditional diversity jurisdiction analysis, there is no complete diversity between the parties.

> B.      The Action Does Not Trigger CAFA Jurisdiction

Defendants argue that the Complaint triggers CAFA jurisdiction because it seeks "[a]ll appropriate restitution of wages for unpaid overtime and minimum wages for a three-year statutory period," "restitution of wages and liquidated damages," and "Pre-Judgment and Post-Judgment interest," in addition to civil penalties.  (Compl., Prayer for Relief ¶¶ B, E, F, H.)  Defendants aver that restitutionary damages, which purportedly total over $9,324,171, are only available in class actions.  (Opp'n 3.)

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

| | |
|---|---|
| **CASE NO.:** <u>CV 16-04690 SJO (SKx)</u> | **DATE:** <u>September 15, 2016</u> |

To be clear, on their face, none of Plaintiff's five causes of actions plead class allegations; they each are pleaded under PAGA. In relevant part, Plaintiff seeks: for the first cause of action, lost wages under CLC sections 558, 1194, 1194.2, and 1197.1, (Compl. ¶ 19); for the second, third, and fifth causes of action, civil penalties under the catchall provision of CLC section 2699(f)(2),[4] (Compl. ¶¶ 23, 27, 37); and for the fourth cause of action, civil penalties under CLC section 226.3 (Compl. ¶ 33.) The absence of class allegations throughout the Complaint is "fatal to CAFA jurisdiction" over the action. *See Yocupicio v. PAE Grp., LLC*, 795 F.3d 1057, 1059-60 n.7 (9th Cir. 2015) (where nine claims were brought as class claims and triggered CAFA, the fact that plaintiff expressly did not seek class status for tenth claim is "fatal to CAFA jurisdiction" over that claim) (citation omitted); *see also Haw. ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1041-42 (9th Cir. 2014) ("To maintain a class action, the existence of the class must be pleaded and the limits of the class must be defined with some specificity. The grant, *sua sponte*, of class action relief when it is neither requested nor specified, is an obvious error. Moreover, a plaintiff who denies having brought a class action surely cannot adequately represent the purported class . . . .") (citation omitted). "Because the complaint[ ] unambiguously disclaimed class status, [this action] cannot be removed under CAFA." *Haw ex. rel. Louie*, 761 F.3d at 1042 (finding no basis for federal jurisdiction, and remanding the cases to state court).

Defendants argue that the Court should look "beyond the face of the state court complaint" and conclude that the action is actually brought under CAFA by virtue of the fact that Plaintiff seeks restitution of wages and liquidated damages. (*See* Opp'n 4.) Defendants' understanding of what constitutes a PAGA action is mistaken. Defendants rely on *Brown v. Ralphs Grocery Co.*, 197 Cal. App. 4th 489, 499 (2011), for the proposition that PAGA penalties and class action damages are "markedly different"–i.e., "[r]estitution is not the primary object of a PAGA action, as it is in most class actions." 197 Cal. App. 4th at 499. However, *Brown* does not support Defendants' conclusion that seeking restitution makes this matter a CAFA action. (Opp'n 4.) Case law is clear: "unpaid wages are part of § 558's civil penalty and are therefore recoverable under PAGA."[5] *Yadira v. Fernandez*, No. CV 08-05721 RMW, 2011 WL 2434043, at *5 (N.D. Cal. June 14, 2011) (citing *Reynolds v. Bement*, 36 Cal. 4th 1075, 1089 (2005)).

---

[4] Contrary to Plaintiff's allegation, CLC section 2699(f)(2) does not provide for "an amount sufficient to recover underpaid wages" in addition to the penalties. Rather, the statute only permits recovery of designated civil penalties.

[5] The central question in *Yadira* was which statute of limitations applied to unpaid wages under CLC section 558. *See* 2011 WL 2434043, at *5. The court held that CLC section 558's remedy is defined as "a penalty, which is the very reason that it is recoverable under PAGA." *Id.* (applying the applicable one-year statute of limitations governing penalties) (citation omitted).

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** <u>CV 16-04690 SJO (SKx)</u>          **DATE:** <u>September 15, 2016</u>

Plaintiff seeks relief under CLC sections 558, 1194, 1194.2, 1197.1, 2699(f)(2), and 226.3 (the "CLC Sections"). (*See generally* Compl.) For example, the statutory language of CLC Section 558, which governs Industrial Welfare Commission violations of provisions regulating hours and days of work, collapses Defendants' argument that the "critical distinction in determining whether a type of relief is recoverable under PAGA is whether that type of relief is statutorily defined as a 'civil penalty.'" (Opp'n 4) (citing *Thurman v. Bayshore Transit Mgmt. Inc.*, 203 Cal. App. 4th 1112 (2012)). CLC section 558 expressly defines a "**civil penalty as follows**: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid **in addition to an amount sufficient to recover underpaid wages**." Cal. Lab. Code § 558(a)(1) (emphasis added). Wages recovered under this section shall be paid to the affected employee. Cal. Lab. Code § 558(a)(3); *see Thurman*, 203 Cal. 4th at 1145 (describing this section as an "express exception to the general rule" that aggrieved employees retain only 25 percent of the civil penalties recovered).

An overview of the remaining CLC Sections results in the same conclusion. Plaintiff's sought relief of restitution of wages, attorneys' fees, liquidated damages, and interest are recoverable in a PAGA action. *See* Cal. Lab. Code § 1194(a) (providing for recovery of "the unpaid balance of the **full amount of this minimum wage or overtime compensation**, including **interest** thereon, **reasonable attorney's fees**, and **costs of suit**") (emphasis added); Cal. Lab. Code § 1194.2(a) (providing for recovery of "**liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon**") (emphasis added); Cal. Lab. Code § 1197.1 (subjecting employer to "a civil penalty, **restitution of wages, liquidated damages** payable to the employee, and any applicable penalties imposed pursuant to Section 203 . . . .") (emphasis added); Cal. Lab. Code § 2699(f)(2), (g) (entitling prevailing employee to "an award of **reasonable attorney's fees and costs** . . . .") (emphasis added); Cal. Lab. Code § 226.3 (subjecting employer to civil penalty for each aggrieved employee, which are "**in addition to any other penalty provided by law**") (emphasis added).

Next, Defendants argue that because Plaintiff seeks restitution of wages for a three-year statutory period, "Plaintiff confirms that she is seeking remedies that are not available under PAGA." (Opp'n 4.) This argument is unavailing. A PAGA claim is, "by definition, a claim for civil penalties." *Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1008 (N.D. Cal. 2007). Given the applicable one-year statute of limitations for an action upon a statute for a penalty, such as the CLC, Plaintiff's PAGA claim is not time-barred because she resigned on January 15, 2016 and commenced this action in State Court on May 5, 2016. (Compl., Ex. A 1.) *Cf. Thomas*, 527 F. Supp. 2d at 1008 (finding that plaintiff's PAGA claim was time-barred where his employment concluded over a year before he filed suit). Indeed, CLC section 558 states that for each violation, the employer is subject to a penalty "for each underpaid employee **for each pay period for which the employee was underpaid** in addition to an amount sufficient to recover underpaid wages." Cal. Lab. Code § 558 (emphasis added). Defendants provide no authority establishing that the

**JS-6**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Priority | ____ |
| Send | ____ |
| Enter | ____ |
| Closed | ____ |
| JS-5/JS-6 | ____ |
| Scan Only | ____ |

CASE NO.:  <u>CV 16-04690 SJO (SKx)</u>            DATE: <u>September 15, 2016</u>

one-year statute of limitations applies to the period for recovery, not the commencement of actions, under PAGA.[6]

Defendants also attempt to argue that the doctrine of federal preemption re-characterizes the Complaint as arising under federal law, as to trigger this Court's jurisdiction. (Opp'n 1.)  The Ninth Circuit has rejected this argument–that PAGA actions are "'class actions' under CAFA because PAGA is a state procedural law that would be displaced by Rule 23 in federal court"–and held that the issue is "simply one of statutory construction–whether the action sought to be removed was 'filed under' a state statute 'similar' to Rule 23.  As the plaintiff's complaint was brought under PAGA, a statute not similar to Rule 23, it was irrelevant that the action might later be converted to a class action if removed."  *Haw. ex rel. Louie*, 761 F.3d at 1040 (emphasis omitted) (holding that district court lacked CAFA jurisdiction over the PAGA action) (citing *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1124 (9th Cir. 2014).)  The same reasoning applies here.

Finally, PAGA penalties cannot be aggregated with the amount sought pursuant to class claims. *See Yocupicio*, 795 F.3d at 1062 (holding that "the amount involved in the non-class claims cannot be used to satisfy the CAFA jurisdictional amount").  Because the Court concluded that this is a PAGA-only action, the question of whether the $5,000,000 CAFA amount in controversy is satisfied is moot.  *See id.* at 1060 (excluding the amount asked for in the PAGA claim from the amount asked for in the class claims in court's calculation of the $5,000,000 threshold).  The Court need not address the amount in controversy issue.

C.    <u>The Action is Not Removable Under Traditional Diversity Jurisdiction</u>

Given that this is not a CAFA action, the Court addresses whether it instead has diversity jurisdiction over the matter under 28 U.S.C. section 1332(a).  Defendant Paramount Group is a California corporation (Removal ¶ 2; Mot. 6), which Defendants do not rebut.  Because of this

---

[6] Plaintiff requests judicial notice of the Commission Findings.  The Court **GRANTS** the request. "A court can consider evidence in deciding a remand motion, including documents that can be judicially noticed."  *Vasserman v. Henry Mayo Newhall Mem. Hosp.*, 65 F. Supp. 3d 932, 941 (C.D. Cal. 2014); *see also Sausalito v. O'Neill*, 386 F.3d 1186, 1223 n.2 (9th Cir. 2004) (taking judicial notice of a record of a state agency not subject to reasonable dispute).

In the Commission Findings, the Commission found that the employer violated CLC section 510 "by failing to pay state-mandated overtime wages for overtime hours worked during the period July 1, 2009 to March 31, 2012." (Commission Findings 10, 13.)  Under CLC Section 558, the Commission affirmed the civil penalty amount, including overtime wages, over the three-year period. (Commission Findings 12.)

**JS-6**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Priority | _____ |
| Send | _____ |
| Enter | _____ |
| Closed | _____ |
| JS-5/JS-6 | _____ |
| Scan Only | _____ |

**CASE NO.:**  <u>CV 16-04690 SJO (SKx)</u>          **DATE:** <u>September 15, 2016</u>

defect, the Court lacks diversity jurisdiction, and need not discuss whether the $75,000 amount in controversy is met.  *See, e.g., Yocupicio*, 795 F.3d at 1062 (finding that district court lacked jurisdiction over the PAGA claim because of a lack of complete diversity, and remanding action to state court).

In sum, Defendants have not carried their burden to show that the Complaint, which pleads only PAGA claims, invokes this Court's jurisdiction.  Thus, remand is required.

III.    <u>RULING</u>

For the foregoing reasons, the Court **DENIES** Defendants' Ex Parte Request to File a Surreply in Opposition to the Motion. The Court **GRANTS** Plaintiff's Motion to Remand and **REMANDS** this case to the Superior Court for the County of Los Angeles.  This case shall close.

IT IS SO ORDERED.